[Cite as *State v. Gooden*, 2021-Ohio-1192.]

# COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | No. 109643 |
| v. | : | |
| CHARZELLE GOODEN, | : | |
| Defendant-Appellant. | : | |

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** April 8, 2021

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-18-635068-D

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Ryan Bokoch, Assistant Prosecuting Attorney, *for appellee.*

Richard E. Hackerd, *for appellant.*

MARY J. BOYLE, A.J.:

{¶ 1} Defendant-appellant, Charzelle Gooden, appeals his convictions. He raises one assignment of error for our review:

Gooden's plea is void because it was not knowing, intelligent, and voluntary.

{¶ 2}  Finding no merit to his assignment of error, we affirm the trial court's judgment.

## I.  Procedural History and Factual Background

{¶ 3}  In December 2018, Gooden and four other defendants were indicted for committing a string of burglary and robbery offenses in Cleveland and Lakewood between July and October 2018.  Gooden was indicted for 45 counts relating to his participation in these crimes.  Gooden pleaded not guilty to all charges.

{¶ 4}  In September 2019, after a jury was empaneled for trial, Gooden agreed to plead guilty to an amended indictment of 19 counts, including one count of engaging in a pattern of corrupt activity in violation of R.C. 2923.32(A)(1), a first-degree felony; four counts of aggravated robbery in violation of R.C. 2911.01(A)(1), first-degree felonies, two with one-year firearm specifications; ten counts of burglary in violation of R.C. 2911.12(A)(2), second-degree felonies; two counts of having weapons while under disability in violation of R.C. 2923.13(A)(2), third-degree felonies; one count of receiving stolen property in violation of R.C. 2913.51(A), a fourth-degree felony; and one count of felonious assault in violation of R.C. 2903.11(A)(2), a second-degree felony.  As part of the plea, the state agreed to request that the court nolle the remaining charges and recommend a sentence of 20 to 30 years in prison.

{¶ 5}  At the plea hearing, the trial court informed Gooden that he would be giving up his constitutional rights by pleading guilty, including the rights to a jury and/or bench trial, to confront witnesses, to compel witnesses, to have the state

prove his guilt beyond a reasonable doubt, and to remain silent and not to testify. The trial court asked Gooden if he understood that he was giving up those constitutional rights, and Gooden responded that he understood.

{¶ 6} The trial court explained to Gooden the charges against him and the felony level of each charge. The trial court determined that Gooden understood the maximum penalties he faced for first-, second-, third-, and fourth-degree felonies. The court, the state, and Gooden's counsel then had a discussion regarding Gooden's maximum sentence. Both the state and Gooden's counsel concluded that Gooden's maximum sentence would be 144.5 years. The court agreed "that's what I have if those number of felonies is correct. So that's what I have. I have 157 but I believe I added in an extra felony of the first degree." The trial court then addressed Gooden and asked him if he understood that if he received a maximum, consecutive prison sentence and the court deviated from the agreed recommended range, he "would be looking at 140 plus years." Gooden responded that he understood. The trial court told Gooden that his counsel and the state had proposed a prison sentence of no less than 20 years and no more than 30 years, and that the trial court was going to "highly consider that."

{¶ 7} Gooden confirmed that no threats or promises had been made to induce him to enter the plea and that he was not under the influence of drugs, alcohol, or medications. The trial court informed Gooden and determined that he understood that by pleading guilty, the court can proceed with judgment against him

and sentence him immediately.  Gooden also told the trial court that he was satisfied with his defense counsel's services.

{¶ 8}  The trial court found that Gooden was entering his plea knowingly, voluntarily, and intelligently.  The trial court accepted Gooden's guilty pleas and proposed sentencing range, found him guilty of one count of engaging in a pattern of corrupt activity, four counts of aggravated robbery with two one-year firearm specifications, ten counts of burglary, two counts of having weapons while under disability, one count of receiving stolen property, and one count of felonious assault. The trial court dismissed the remaining charges and specifications.  The trial court then referred Gooden for a presentence investigation report.

{¶ 9}  In October 2019, the trial court sentenced Gooden to an aggregate of 29 years in prison.  It imposed eleven years for engaging in a pattern of corrupt activity; eleven years each for three counts of aggravated robbery; five years for the fourth count of aggravated robbery; one year each for the two firearm specifications attached to the aggravated robbery counts; eight years each for ten counts of burglary; three years each for two counts of having weapons while under disability; eighteen months for one count of receiving stolen property; and eight years for one count of felonious assault. The trial court ordered that the two firearm specifications be served prior to and consecutive to the underlying aggravated robbery counts.  It further ordered that 11 years for engaging in a pattern of corrupt activity, 11 years for one of the aggravated robbery counts, and five years for another aggravated robbery also run consecutively with each other, and the sentences for the remaining counts

run concurrently to each other and all other counts.  The trial court advised Gooden regarding postrelease control and the consequences if he were to violate it.  The trial court imposed court costs but waived all fines, and gave Gooden 349 days of jail-time credit.

{¶ 10} In March 2019, Gooden filed a motion for leave to file a delayed appeal, which this court granted.

## II.  Crim.R. 11

{¶ 11}  In his sole assignment of error, Gooden argues the trial court erred by failing to comply with Crim.R. 11.  He contends that he did not make his plea knowingly, intelligently, and voluntarily with a full understanding of the rights he was waiving because (1) the trial court incorrectly informed him that all gun specifications must run consecutively and (2) the trial court failed to inform him of the maximum possible aggregate sentence he faced.[1]

{¶ 12} A defendant's plea must be entered knowingly, intelligently, and voluntarily for the plea to be constitutional under the United States and Ohio Constitutions.  *State v. Engle*, 74 Ohio St.3d 525, 527, 660 N.E.2d 450 (1996).  "Ohio Crim.R. 11(C) was adopted in order to facilitate a more accurate determination of the voluntariness of a defendant's plea by ensuring an adequate record for review." *State v. Nero*, 56 Ohio St.3d 106, 107, 564 N.E.2d 474 (1990).  The purpose of Crim.R. 11(C) is to require the trial court to convey certain information to a

---

[1] Gooden also argued in his appellate brief that the trial court incorrectly informed him that a count for corrupt activity in violation of R.C. 2923.32 required a mandatory eleven-year sentence.  But Gooden later filed a motion withdrawing this issue.

defendant so that he or she can make a voluntary and intelligent decision regarding whether to plead guilty or no contest. *State v. Ballard*, 66 Ohio St.2d 473, 479-480, 423 N.E.2d 115 (1981).

{¶ 13} We review whether the trial court complied with Crim.R. 11(C) de novo. *State v. Cardwell*, 8th Dist. Cuyahoga No. 92796, 2009-Ohio-6827, ¶ 26. In reviewing the record, appellate courts must consider the totality of the circumstances to determine whether the trial court complied with Crim.R. 11(C). *Cardwell* at ¶ 26, citing *State v. Stewart*, 51 Ohio St.2d 86, 364 N.E.2d 1163 (1977).

{¶ 14} Specifically, Crim.R. 11(C)(2) states:

In felony cases the court may refuse to accept a plea of guilty or a plea of no contest, and shall not accept a plea of guilty or no contest without first addressing the defendant personally and doing all of the following:

(a) Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing.

(b) Informing the defendant of and determining that the defendant understands the effect of the plea of guilty or no contest, and that the court, upon acceptance of the plea, may proceed with judgment and sentence.

(c) Informing the defendant and determining that the defendant understands that by the plea the defendant is waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself.

{¶ 15} Trial courts must strictly comply with the provisions concerning the constitutional rights set forth in Crim.R. 11(C)(2)(c) but only substantially comply

with the provisions concerning nonconstitutional rights set forth in Crim.R. 11(C)(2)(a) and (b). *State v. Griggs*, 103 Ohio St.3d 85, 2004-Ohio-4415, 814 N.E.2d 51, ¶ 12. "Substantial compliance means that under the totality of the circumstances the defendant subjectively understands the implications of his plea and the rights he is waiving." *Nero*, 56 Ohio St.3d at 108, 564 N.E.2d 474.

{¶ 16} Moreover, a defendant who challenges his or her plea on the basis that it was not knowingly, intelligently, and voluntarily entered must demonstrate prejudice. *Nero* at 108. A "failure to comply with nonconstitutional rights will not invalidate a plea unless the defendant thereby suffered prejudice." *Griggs* at ¶ 12. The test for prejudice is "whether the plea would have otherwise been made." *Id.*, citing *Nero* at 108.

{¶ 17} Gooden's arguments relate to Crim.R. 11(C)(2)(a), which requires trial courts to determine that the defendant understands "the maximum penalty involved, and if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions."

{¶ 18} Gooden contends that he did not make his plea knowingly, intelligently, and voluntarily because the trial court incorrectly informed him that all firearm specifications must run consecutively. He argues this statement was incorrect because R.C. 2929.14(B)(1)(g) requires only two firearm specifications for the two highest felonies to run consecutively. R.C. 2929.14(B)(1)(g) provides:

> If an offender is convicted of or pleads guilty to two or more felonies, if one or more of those felonies are aggravated murder, murder, attempted aggravated murder, attempted murder, aggravated robbery,

felonious assault, or rape, and if the offender is convicted of or pleads guilty to a specification of the type described under division (B)(1)(a) of this section in connection with two or more of the felonies, the sentencing court shall impose on the offender the prison term specified under division (B)(1)(a) of this section for each of the two most serious specifications of which the offender is convicted or to which the offender pleads guilty and, in its discretion, also may impose on the offender the prison term specified under that division for any or all of the remaining specifications.

{¶ 19} Gooden pleaded guilty to more than two felonies, including four counts of aggravated robbery, two of which had one-year firearm specifications. However, Gooden's reliance on R.C. 2929.14(B)(1)(g) is misplaced because this section applies only to felonies and specifications that are part of the same act or transaction. *State v. Young*, 8th Dist. Cuyahoga No. 102202, 2015-Ohio-2862, ¶ 10 (R.C. 2929.14(B)(1)(g) creates "an exception to the general rule that consecutive sentences cannot be imposed on firearm specifications as part of the same transaction."); R.C. 2929.14(B)(1)(b) ("[A] court shall not impose more than one prison term on an offender under division (B)(1)(a) of this section for felonies committed as part of the same act or transaction" except for as provided in R.C. 2929.14(B)(1)(g).). Gooden's charges for aggravated robbery stem from separate instances and are not part of the same act or transaction, and Gooden's counsel agreed at the sentencing hearing that none of Gooden's counts merge. R.C. 2929.14(B)(1)(a) therefore does not apply here. Instead, R.C. 2929.14(C)(1)(a) mandates that the prison terms for all of Gooden's firearm specifications run consecutively to each other.

{¶ 20} Gooden also argues that the trial court failed to inform him of the maximum possible sentence he faced because it did not fully advise him of his potential aggregate maximum sentence and instead "stopped counting at 150 years." However, Crim.R. 11(C)(2)(a)'s requirement that trial courts determine that defendants understand their "maximum penalty" "has long been understood as a reference to a single penalty for each individual offense." *State v. Cobbledick*, 8th Dist. Cuyahoga No. 108959, 2020-Ohio-4744, ¶ 6, citing *State v. Johnson*, 40 Ohio St.3d 130, 532 N.E.2d 1295 (1988), and *State v. Saxon*, 109 Ohio St.3d 176, 2006-Ohio-1245, 846 N.E.2d 824, paragraph one of the syllabus. Crim.R. 11(C) does not require the trial court "to advise a defendant of the cumulative total of all prison terms for all the offenses at the time of the guilty plea." *State v. Wojtowicz*, 8th Dist. Cuyahoga No. 104384, 2017-Ohio-1359, ¶ 12, citing *State v. Vinson*, 2016-Ohio-7604, 73 N.E.3d 1025, ¶ 25 (8th Dist.).

{¶ 21} Furthermore, Gooden has not demonstrated, let alone argued, that he suffered prejudice by the trial court's allegedly incorrect and incomplete statements regarding the maximum penalty he faced. Gooden does not claim that had the trial court better informed him of his potential maximum penalty, he would not have pleaded guilty.

{¶ 22} Based upon the record before us, we find that the court complied with Crim.R. 11 and that Gooden entered his plea voluntarily, knowingly, and intelligently with a full understanding of the rights he was waiving. We therefore overrule Gooden's sole assignment of error.

**{¶ 23}** Judgment affirmed.

It is ordered that appellee recover from appellant the costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MARY J. BOYLE, ADMINISTRATIVE JUDGE

EILEEN A. GALLAGHER, J., and
LISA B. FORBES, J., CONCUR