[Cite as *State v. Miles*, 2024-Ohio-1982.]

# COURT OF APPEALS OF OHIO

# EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

STATE OF OHIO,                              :

    Plaintiff-Appellee,           :

                                No. 113129

    v.                                         :

MATTHEW MILES,                             :

    Defendant-Appellant.          :

## JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** May 23, 2024

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-21-658755-A

## *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Kevin Filiatraut, Assistant Prosecuting Attorney, *for appellee*.

FG+G Firm and Marcus Sidoti, *for appellant*.

SEAN C. GALLAGHER, J.:

{¶ 1} Appellant, Matthew Miles ("Miles" or "appellant"), appeals his sentence and the imposition of court costs. Upon review, we affirm.

{¶ 2} On April 19, 2021, Miles was charged under a six-count indictment. Pursuant to a plea agreement, Miles entered a guilty plea to Count 3, as amended,

for involuntary manslaughter, a felony of the first degree in violation of R.C. 2903.04(A), with a three-year firearm specification; Count 5, as amended, for felonious assault, a felony of the second degree in violation of R.C. 2903.11(A)(2); and Count 6 for having weapons while under disability, a felony of the third degree in violation of R.C. 2923.13(A)(2). The three remaining counts were nolled.

{¶ 3} At the plea hearing, when the plea agreement was placed on the record, a jointly recommended sentence was made to the court as follows:

> The State and the defense agree to recommend jointly a sentence of ten years on the amended Count 3, which after the application of Reagan Tokes will be 10 to 15 years. That's in addition — you would then add also the three-year firearm specification on that count making that 13 to 18 years.
>
> The State and defense agree to also recommend on Count 5 a sentence of seven years to run consecutive and then a sentence on Count 6 to run concurrent, leaving the total sentence in this case agreed recommended being 20 to 25 years. That's the agreed recommended sentence between the parties to the Court.

{¶ 4} The assistant prosecutor stated on the record that "there are members of the victim's family that do not agree with this plea * * *." The assistant prosecutor further noted for the record that this was "just a joint recommendation," and not an agreed sentence. Defense counsel confirmed the plea agreement. The trial court advised Miles of the maximum sentence that could be imposed for each offense and informed Miles of the total aggregate term of 29.5 years that could be imposed. The trial court also informed Miles that "there's no promises of a particular sentence" and that the court could impose "any sentence within the ranges" that were discussed. Miles expressed his understanding.

{¶ 5} At the sentencing hearing, the trial court indicated that it had reviewed "the entire case file; the presentence investigation report; [R.C.] 2929.11 for the principles and purposes of sentencing; [R.C.] 2929.12 for the seriousness and recidivism factors; and [R.C.] 2929.13 and other Revised Code Sections for felony sentencing of the first, second, and third degree." The trial court heard from the assistant prosecutor, who again put the jointly recommended sentence on the record, acknowledged that the court was free to impose anything within the statutory ranges, and represented that members of the victim's family were present, many of whom did not agree with the plea offer. The assistant prosecutor set forth the facts of the case, which included the death of the victim who suffered multiple gunshot wounds, and he noted appellant's "terrible record, which includes the homicide of another individual back in 2005, for which he was prosecuted and served 10 years for manslaughter." The trial court heard from defense counsel, who presented mitigating factors, asked the court to impose the recommended sentence, and requested a waiver of costs due to appellant's indigency. The trial court indicated that Miles was aware at the time of his plea that "[t]he Court retains its sentencing discretion within the statutory ranges[,]" and defense counsel acknowledged that Miles was so advised. The trial court also heard from Miles, who accepted responsibility and apologized to the victim's family.

{¶ 6} The trial court stated that what occurred in this case was "beyond comprehension" and that it was "going to deviate from the recommended sentence because I don't believe that in light of the prior history of Mr. Miles that it's

appropriate." The trial court sentenced Miles on each count, ordered "[a]ll the counts are to run consecutive to each other," and made the requisite statutory findings under R.C. 2929.14(C)(4), stating as follows: "All the counts are to run consecutive to each other. The Court finds that it's necessary to protect the public and * * * punish the offender, and it's not disproportionate to the conduct, and the offender's criminal history shows that consecutive sentences are necessary to protect the public." The trial court included consecutive-sentence findings in the judgment entry. The total aggregate prison term imposed was 24 to 29.5 years. The trial court also ordered Miles to pay court costs, with the option of community work service if appellant is unable to pay costs.

{¶ 7} Miles timely filed this appeal. He raises two assignments of error for our review.

{¶ 8} Under his first assignment of error, appellant claims his sentence is clearly and convincingly not supported by the record and is contrary to law.

{¶ 9} Although appellant advocates for a de novo review, the Supreme Court of Ohio has determined that "[t]he standard to be applied is the standard set forth in [R.C. 2953.08(G)(2)]." *State v. Jones*, Slip Opinion No. 2024-Ohio-1083, ¶ 13. Under R.C. 2953.08(G)(2), this court may increase, reduce, otherwise modify, or vacate a sentence only after it has reviewed the entire trial-court record and "clearly and convincingly finds" that "the record does not support the sentencing court's findings" under certain statutes or that "the sentence is otherwise contrary to law." *Id.*; *Jones* at ¶ 13. "The plain language of R.C. 2953.08(G)(2) requires an

appellate court to defer to a trial court's consecutive-sentence findings * * *." *State v. Gwynne*, Slip Opinion No. 2023-Ohio-3851, ¶ 5.

{¶ 10} The record herein shows that Miles entered a guilty plea to three offenses, including an amended charge of involuntary manslaughter as well as charges for felonious assault and having weapons while under disability. Pursuant to the plea agreement, three other counts were nolled. Although there was a jointly recommended sentence of 20 to 25 years, the trial court, on accepting the plea agreement, retained the discretion to impose a sentence that was less severe or more severe than the jointly recommended sentence. *See State v. Watson*, 171 Ohio St.3d 1513, 2023-Ohio-4034, 220 N.E.3d 845, ¶ 3, citing *State v. Underwood*, 124 Ohio St.3d 365, 2010-Ohio-1, 922 N.E.2d 923, ¶ 28. The record reflects that appellant understood this and was advised that the potential aggregate sentencing range that could be imposed reached 29.5 years.

{¶ 11} As this court has previously observed,

> In cases involving serious crimes where guilt is found or admitted, consecutive sentencing is often in play. Defendants may wish to limit their potential exposure. Conversely, the state seeks to ensure the sentence will satisfy the victim or the prosecutor's sense of justice for the community as a whole. Sentences can vary widely. A mutual agreement on sentencing can be beneficial to both sides.

> Nevertheless, even where an agreement on sentencing can be reached between the parties, trial judges are sometimes reluctant to be bound by a specific number on a specific sentence agreed to by the parties at the time of the plea. Judges may have concerns about what a presentence investigation report may reveal or what may later be said during a sentencing hearing that may sway the judge's decision. Judges often prefer to retain sentencing discretion, and curbing or limiting their discretion is not something easily accomplished.

*State v. Grant*, 2018-Ohio-1759, 111 N.E.3d 791, ¶ 16-17 (8th Dist.).

{¶ 12} In this case, there were members of the victim's family that did not agree with the plea agreement. The underlying facts reflect the serious nature of the offenses, which includes the death of an individual who had eight or nine gunshot wounds throughout his body. The presentence-investigation report shows Miles had a lengthy criminal history that includes a prior manslaughter conviction. Mitigating factors were presented. After reviewing the entire record, we do not clearly and convincingly find that the record does not support the sentencing court's findings or that the sentence is otherwise contrary to law. The first assignment of error is overruled.

{¶ 13} Under his second assignment of error, appellant claims the trial court erred by imposing costs because the record shows he is indigent and the court had discretion to waive costs.

{¶ 14} R.C. 2947.23(A)(1) requires the sentencing court "[i]n all criminal cases" to "include in the sentence the costs of prosecution * * * and render a judgment against the defendant for such costs." The statute requires a trial court to impose costs against all criminal defendants, even those who are indigent. *State v. Taylor*, 161 Ohio St.3d 319, 2020-Ohio-3514, 163 N.E.3d 486, ¶ 6, citing *State v. White*, 103 Ohio St.3d 580, 2004-Ohio-5989, 817 N.E.2d 393, ¶ 8; *State v. Dean*, 146 Ohio St.3d 106, 2015-Ohio-4347, 54 N.E.3d 80, ¶ 231. Nevertheless, pursuant to R.C. 2947.23(C), the trial court retains continuing jurisdiction to waive the costs of prosecution and may do so at the time of sentencing or any time thereafter.

*Taylor* at ¶ 6. "'[W]aiver of costs is permitted — but not required — if the defendant is indigent.'" *Id.* at ¶ 7, quoting *White* at ¶ 14. There is no requirement that a court consider a defendant's ability to pay. *Id.* at ¶ 9, 16.

**{¶ 15}** Accordingly, the trial court did not err when it ordered Miles to pay court costs in this matter. Furthermore, upon imposing court costs, the trial court indicated that appellant could satisfy the costs through community work service. Appellant's second assignment of error is overruled.

**{¶ 16}** Judgment affirmed.

It is ordered that appellee recover from appellant the costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
SEAN C. GALLAGHER, JUDGE

EILEEN T. GALLAGHER, P.J., and
FRANK DANIEL CELEBREZZE, III, J., CONCUR