[Cite as *State v. Colvin*, 2024-Ohio-2906.]

# COURT OF APPEALS OF OHIO

# EIGHTH APPELLATE DISTRICT
# COUNTY OF CUYAHOGA

STATE OF OHIO,                                          :

      Plaintiff- Appellee,                            :

                                                   No. 113206

      v.                                             :

SHURON COLVIN,                                         :

      Defendant-Appellant.                           :

---

## JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** August 1, 2024

---

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-21-665288-A

---

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Carson M. Strang, Assistant Prosecuting Attorney, *for appellee.*

P. Andrew Baker*, for appellant.*

MICHELLE J. SHEEHAN, J.:

{¶ 1} Defendant-appellant, Shuron Colvin, appeals his conviction and sentence, asserting that his plea was not knowingly, intelligently, and voluntarily

made and that the trial court abused its discretion by denying his motion to withdraw plea. After a review of the record, although we find that the trial court did not fully comply with Crim.R. 11, Colvin did not demonstrate that he was prejudiced by the trial court's failure to fully comply with Crim.R. 11. Further, the trial court did not abuse its discretion by denying Colvin's motion to withdraw plea. Accordingly, the judgment is affirmed.

RELEVANT FACTS AND PROCEDURAL HISTORY

{¶ 2} On February 2, 2021, Colvin was charged in a 23-count indictment that included charges of murder, attempted murder, felonious assault, and aggravated burglary; all charges included one- and three-year firearm specifications. The charges resulted from a home invasion in Euclid, Ohio in which three men entered a home. They engaged in a gun battle with a resident. One of the men was shot and later died.

{¶ 3} On March 13, 2023, Colvin entered into a plea bargain with the State of Ohio. The State offered amendments to the indictment whereby Colvin would plead to involuntary manslaughter, a felony of the first degree; burglary, a felony of the third degree; and two counts of theft, both felonies of the fifth degree. The State also stated that the plea included an agreed and recommended sentence of 19 years plus an indefinite sentence pursuant to the Reagan Tokes Law. Further, Colvin would not receive judicial release from his sentence.

{¶ 4} The trial court addressed Colvin personally and informed him of the rights he would be waiving by entering guilty pleas. Colvin indicated he understood

the rights he would be waiving by entering guilty pleas. Relevant to the argument raised on appeal, the trial court informed Colvin that he would be sentenced to a prison term and explained to him that the sentence for involuntary manslaughter would include additional time pursuant to the Reagan Tokes Law. The following colloquy regarding the indefinite sentence occurred at the hearing:

> The Court: The charge in amended Count One, involuntary manslaughter is a felony of the first degree which is punishable by a possible term of incarceration of three- to 11-years in prison, and you also will have the possibility — well, it's not the possibility — a tail that will be one half of whatever the sentence is.
>
> For example, if the Court announces eight-years on amended Count One, okay, then Reagan Tokes would have it be said, three to eight to twelve, am I correct? Okay.
>
> Do you understand that?
>
> [Colvin]: Yes, Your Honor.
>
> The Court: And that count also has with it the firearm specification, so the sentence would read three-years for the firearm specification, which must be served prior to and consecutive with the sentence for the underlying offense of involuntary manslaughter, three to eight to twelve as an example.
>
> Do you understand that?
>
> [Colvin]: Yes, Your Honor.

{¶ 5} After explaining that Colvin would also be forfeiting any right or interest Colvin had in the firearm used in the crime, the Court asked Colvin the following:

> The Court: Is there anything about Count One and the specifications that I have gone over with you that you do not understand?
>
> [Colvin]: No, Your Honor.

{¶ 6} The trial court further addressed Colvin and explained that the four counts to which he pleaded guilty would each be subject to a sentence. Colvin stated he understood. The trial court confirmed with Colvin that there was an agreed sentence in this case:

> The Court: And you also agreed with your counsel and the State to recommend to this Court an agreed upon sentence of 19-years, not including the tail that would come from Reagan Tokes, if it's not overruled by that time, okay?
> Do you understand that?
>
> [Colvin]: Yes, Your Honor.

{¶ 7} The trial court accepted Colvin's guilty pleas to involuntary manslaughter with a three-year firearm specification, burglary, and two counts of theft and dismissed all remaining counts and firearm specifications in the indictment.

{¶ 8} On May 10, 2023, Colvin filed a motion to withdraw his plea. Within the motion, Colvin argued he was innocent of the charges. On July 6, 2023, the trial court held a hearing on the motion. Colvin's counsel argued the plea should be withdrawn because Colvin believed he had a viable defense and was innocent of the charges. The trial court asked counsel if there was any new information that came to light following the plea. Counsel stated that there was no new evidence, but there was "a different perspective" from Colvin.

{¶ 9} In arguing against the motion to withdraw, the State noted that although the motion to withdraw was filed prior to sentencing, this case was unique because there was an agreed, recommended sentence. Further, as to a viable defense, the State related the facts leading to the indictment. Colvin along with his accomplices fled from the burglary. One accomplice had been shot. The car they were in crashed, and Colvin and one accomplice fled, leaving the accomplice who was shot to die. Colvin was later identified by video footage, in which Colvin is seen wearing only one glove. Police located an assault rifle in the car and Colvin's DNA was on the trigger of that weapon. Forensic testing of the rifle confirmed that it was used in the home invasion. Colvin's DNA was also found on a glove in the car, which matched the one Colvin was seen wearing in the video. Because of these facts, the State asserted that the plea was merely a change of heart.

{¶ 10} The trial court addressed Colvin and his counsel, explained that the law allowed for Colvin to be prosecuted for the murder of an accomplice, and stated that the charges included mandatory sentencing and multiple gun specifications. It noted that if convicted of all the charges, Colvin would be subject to mandatory sentencing that could exceed the agreed sentence even before the trial court exercised any discretion in imposing sentence. The trial court concluded the hearing without ruling on the motion to withdraw, giving Colvin time to speak with his family and counsel regarding whether he wanted to continue with the motion to withdraw. On July 18, 2023, the trial court denied the motion to withdraw through the following journal entry:

Defendant's motion to withdraw plea filed 5-10-23 is denied. Defendant does not have an absolute right to withdraw his guilty plea prior to sentencing. Court finds defendant has highly competent counsel and was afforded a hearing pursuant to Criminal Rule 11 and the hearing set forth all the potential pleas and penalties and examined the basis for understanding the plea. The defendant understood all charges and potential penalties. Although defendant maintains innocence, change of heart is not a legitimate basis to withdraw the plea and the profession of innocence is not supported by reasonable interpretation of evidence.

{¶ 11} On September 6, 2023, the trial court held a sentencing hearing. The State outlined the facts of the case to the trial court and asked it to impose the agreed-upon sentence. The trial court heard from two family members of the accomplice who was shot and killed. Colvin's mother also addressed the court. Colvin's counsel confirmed to the trial court that the terms of the plea agreement contemplated the imposition of consecutive sentences and asked the trial court to impose the agreed-upon sentence. The trial court imposed the agreed upon and recommended sentence. It sentenced Colvin to three years on the firearm specification to be served consecutively to an 11- to 15½-year sentence for involuntary manslaughter, to 36 months in prison for burglary, and to 12-month sentences for each theft. The trial court ordered that the sentences be served consecutively for an aggregate indefinite prison sentence of 19 to 24½ years.

LAW AND ARGUMENT

{¶ 12} Colvin raises two assignments of error in this appeal. The first assignment of error reads:

Defendant-Appellant's conviction must be reversed as his plea was not knowingly, intelligently, and voluntarily made.

{¶ 13} In this case, Colvin pleaded guilty to four felony charges, one of which required the court to impose an indefinite sentence pursuant to the Reagan Tokes Law. Colvin argues that his plea should not have been accepted because he was not informed of the maximum sentence he could receive. He argues that the maximum penalty he faced for the plea was an indeterminate sentence of 19 to 24½ years, but the trial court did not inform him of that fact. Instead, Colvin argues that the trial court's explanation of the maximum penalty was insufficient where it was confusing and the trial court did not state the actual maximum penalty that could be imposed. The State argues that the trial court informed Colvin of the indefinite sentence that would be imposed and, as such, substantially complied with Crim.R. 11. It further argues Colvin has not shown he was prejudiced by the trial court's explanation of the Reagan Tokes Law.

{¶ 14} Prior to accepting a guilty plea, a trial court is required to personally address the defendant and ascertain that the defendant is entering his plea knowingly, intelligently, and voluntarily. *State v. Straley*, 2019-Ohio-5206, ¶ 19. Crim.R. 11(C)(2)(a) requires the trial court to "determine that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved . . . ." When reviewing the validity of a guilty plea, the Supreme Court of Ohio directs us to ask the following questions:

> (1) has the trial court complied with the relevant provision of the rule?
> (2) if the court has not complied fully with the rule, is the purported failure of a type that excuses a defendant from the burden of

demonstrating prejudice? and (3) if a showing of prejudice is required, has the defendant met that burden?

*State v. Dangler*, 2020-Ohio-2765, ¶ 17.

{¶ 15} Colvin complains that he was not informed of the aggregate maximum penalty he faced when entering his pleas pursuant to Crim.R. 11(C)(2)(a). The trial court complied with Crim.R. 11 when it explained the sentence for each count to which Colvin would plead guilty. "Crim.R. 11(C) does not require the trial court 'to advise a defendant of the cumulative total of all prison terms for all the offenses at the time of the guilty plea.'" *State v. Gooden*, 2021-Ohio-1192, ¶ 20 (8th Dist.), quoting *State v. Wojtowicz*, 2017-Ohio-1359, ¶ 12 (8th Dist.). In this regard, the trial court complied with Crim.R. 11.

{¶ 16} Colvin also argues that the explanation of the indefinite sentence that would be imposed was confusing. The trial court informed Colvin of the maximum sentence that could be imposed for involuntary manslaughter and explained how the Reagan Tokes indefinite sentence would be calculated but did not explicitly state the maximum indefinite sentence that could be imposed. This court has found that a trial court's explanation of how the Reagan Tokes indefinite sentence would be calculated along with informing the defendant of the maximum sentence that could be imposed complied with Crim.R. 11(C)(2)(a). *State v. Vitumukiza*, 2022-Ohio-1170, ¶ 16, 19 (8th Dist.).

{¶ 17} In this case, the trial court only informed Colvin of how the indefinite sentence would be calculated, not the maximum sentence that could be imposed. As

such, it did not fully comply with Crim.R. 11(C)(2)(a) and we must examine whether Colvin established that he suffered prejudice. "The test for prejudice is 'whether the plea would have otherwise been made.'" *State v. Woods*, 2024-Ohio-1589, ¶ 23 (8th Dist.), quoting *Dangler* at ¶ 16. "Prejudice must be established on the face of the record." (Cleaned up.) *Dangler*, 2020-Ohio-2765, ¶ 24.

{¶ 18} At the plea hearing, Colvin stated he understood the trial court's explanation of how the indefinite sentence would be calculated and had no questions regarding the plea. Further, in entering into the plea bargain, Colvin agreed to a minimum 19-year prison term and was informed his sentence would include an additional indefinite term. Moreover, in his motion to withdraw his plea, Colvin did not argue that he did not understand the maximum penalty that could be imposed. As such, Colvin has not established that had he been informed of the maximum indefinite sentence that could be imposed he would not have entered the plea. Accordingly, he has not demonstrated that he suffered prejudice on the face of the record.

{¶ 19} The first assignment of error is overruled.

{¶ 20} Colvin's second assignment of error reads

The trial court erred when it declined to allow Defendant-Appellant to withdraw his previously tendered plea.

{¶ 21} Colvin argues that the trial court should have allowed him to withdraw his plea prior to sentencing where the plea was made before sentence was imposed because he asserted that he was innocent of the crimes charged and the

trial court improperly considered other cases. The State argues that the trial court did not abuse its discretion by denying the motion to withdraw plea.

{¶ 22} Crim.R. 32.1 provides that "[a] motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice, the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea." The Ohio Supreme Court has long held that while a presentence motion to withdraw a plea be freely and liberally granted, "[t]he decision to grant or deny a presentence motion to withdraw a guilty plea is within the sound discretion of the trial court." *State v. Xie*, 62 Ohio St.3d 521, 527 (1992), paragraph two of the syllabus. "A defendant does not have an absolute right to withdraw a guilty plea prior to sentencing. A trial court must conduct a hearing in order to determine whether there is a reasonable and legitimate basis for the withdrawal of the plea." *Id.* at paragraph one of the syllabus.

{¶ 23} A trial court does not abuse its discretion in denying a motion to withdraw a guilty plea

> (1) where the accused is represented by highly competent counsel, (2) where the accused was afforded a full hearing, pursuant to Crim. R. 11, before he entered the plea, (3) when, after the motion to withdraw is filed, the accused is given a complete and impartial hearing on the motion, and (4) where the record reveals that the court gave full and fair consideration to the plea withdrawal request.

*State v. Peterseim*, 68 Ohio App.2d 211 (8th Dist. 1980), paragraph three of the syllabus. Further, we have held that "a change of heart regarding a guilty plea and

the possible sentence is insufficient justification for withdrawal of a guilty plea." *State v. Peak*, 2019-Ohio-2569, ¶ 14 (8th Dist.)

{¶ 24} Colvin does not argue that he was represented by incompetent counsel or that he did not receive a complete hearing on his motion to withdraw. He does argue that the plea hearing was deficient, the trial court did not give due consideration to the reasons for his motion to withdraw plea, and the trial court improperly considered an analogous case. In resolving Colvin's first assignment of error, we found that Colvin did not demonstrate prejudice from the trial court's failure to fully comply with Crim.R. 11(C)(2)(a).

{¶ 25} Colvin's arguments that the trial court did not give full consideration to his claims he was innocent and that it improperly referenced an analogous case are not persuasive as to whether the trial court abused its discretion. Colvin argues that the trial court merely focused on potential outcomes at trial. At the hearing, Colvin's counsel noted the charges included murder and stated "my client is charged because he was seen to be complicit in burglarizing a home." Given this statement, we do not find the trial court's references to an analogous case to be improper. Instead, we read the trial court's discussion to be an illustration that the law does allow a defendant to be prosecuted for the death of an accomplice. *See State v. Ford*, 2008-Ohio-4373, ¶ 32 (10th Dist.) ("[U]nder Ohio's felony-murder statute, it is irrelevant whether the killer is the defendant, an accomplice, or a third party.").

{¶ 26} It is apparent from the record that the trial court considered Colvin's claim of innocence where it found that "[a]lthough defendant maintains innocence,

change of heart is not a legitimate basis to withdraw the plea and the profession of innocence is not supported by reasonable interpretation of evidence." In determining that the motion to withdraw was a mere change of heart, we cannot say the trial court abused its discretion. Colvin was afforded a full plea hearing and suffered no prejudice from the trial court's failure to fully comply with Crim.R. 11(C)(2)(a). Colvin did not allege his failure to understand the indefinite sentence calculation as a reason to withdraw his plea and entered his guilty pleas with an agreed sentence. Further, Colvin did not dispute the evidence of his guilt as outlined by the State and Colvin's counsel and admitted that there were no new facts or information that came to light following the plea. Accordingly, we cannot say that the trial court abused its discretion by denying the motion to withdraw plea.

{¶ 27} The second assignment of error is overruled.

## CONCLUSION

{¶ 28} Colvin's pleas were knowingly, intelligently, and voluntarily made. The trial court informed Colvin of the maximum penalties he faced for each offense to which he pled guilty, and the trial court was not required to inform Colvin of the maximum aggregate sentence he faced. Although the trial court explained how the indefinite sentencing scheme pursuant to the Reagan Tokes Law was calculated, it did not fully comply with Crim.R. 11(C)(2)(a) by stating the maximum indefinite sentence that could be imposed. However, the record does not demonstrate Colvin was prejudiced by the trial court's failure to fully comply with Crim.R. 11(C)(2)(a) where he entered a plea bargain with an agreed and recommended sentence and

understood that the sentence would include an indefinite term. The trial court did not abuse its discretion by denying Colvin's motion to withdraw plea where Colvin was represented by competent counsel, he was afforded full plea hearing, he entered into the plea with an agreed and recommended sentence, and the trial court held a hearing on the motion to withdraw and gave full consideration to the arguments made.

{¶ 29} Judgment affirmed.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MICHELLE J. SHEEHAN, JUDGE

KATHLEEN ANN KEOUGH, A.J., CONCURS;
ANITA LASTER MAYS, J., CONCURS IN JUDGMENT ONLY