[Cite as *State v. Lindsey*, 2025-Ohio-1464.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

STATE OF OHIO,                          :

    Plaintiff-Appellee,          :

                            No. 114514

    v.                                   :

RAYSHAWN LINDSEY, JR.,                  :

    Defendant-Appellant.         :

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** April 24, 2025

---

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case Nos. CR-19-638907-A, CR-23-684496-A, and CR-23-686230-J

---

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting
Attorney, and Brad Meyer, Assistant Prosecuting
Attorney, *for appellee.*

Edward M. Heindel, *for appellant.*

DEENA R. CALABRESE, J.:

{¶ 1} Defendant-appellant, Rayshawn Lindsey, Jr. ("Lindsey"), appeals his convictions, arguing his plea was not made knowingly, intelligently, and voluntarily with a full understanding of the consequences. We find the trial court fully complied

with the requirements of Crim.R. 11 during the plea hearing. Moreover, we affirm Lindsey's conviction.

## I. Facts and Procedural History

{¶ 2} Lindsey was indicted by a Cuyahoga County Grand Jury in three separate cases.

{¶ 3} On April 29, 2019, in Cuyahoga C.P. No. CR-19-638907-A, Lindsey was charged with the following offenses:

1 — Felonious assault under R.C. 2903.11(A)(2), a felony of the first degree

2 — Assault under R.C. 2903.13(A), a felony of the fourth degree

Both counts carried furthermore clauses that the victim was a peace officer.

{¶ 4} On September 14, 2023, in Cuyahoga C.P. No. CR-23-684496-A, Lindsey was charged with the following:

1 — Felonious assault under R.C. 2903.11(A)(2), a felony of the first degree, with a one-year firearm specification and a furthermore clause that the victim was a peace officer

2 — Failure to comply under R.C. 2921.331(B), a felony of the third degree, with a one-year firearm specification

3 — Failure to comply under R.C. 2921.331(B), a felony of the fourth degree, with a one-year firearm specification

4 — Having weapons under disability under R.C. 2923.13(A)(2), a felony of the third degree

5 — Carrying a concealed weapon under R.C. 2923.12(A)(2), a felony of the fourth degree

6 — Improperly handling firearms in a motor vehicle under R.C. 2923.16(B), a felony of the fourth degree

7 — Vandalism under R.C. 2909.05(B)(2), a felony of the fifth degree

8 — Criminal damaging or endangering under R.C. 2909.06(A)(1), a misdemeanor of the first degree

9 — Criminal damaging or endangering under R.C. 2909.06(A)(1), a misdemeanor of the first degree

10 — Criminal damaging or endangering under R.C. 2909.06(A)(1), a misdemeanor of the first degree

11 — Criminal damaging or endangering under R.C. 2909.06(A)(1), a misdemeanor of the first degree

Many of the counts carried furthermore clauses and/or forfeiture specifications.

{¶ 5} On November 7, 2023, in Cuyahoga C.P. No. CR-23-686230-J, Lindsey was charged with the following offenses:

22 — Participating in a criminal gang under R.C. 2923.42(A), a felony of the second degree, with one- and three-year firearm specifications

103 — Trafficking under R.C. 2925.03(A)(2), a felony of the third degree, with one- and six-year firearm specifications

104 — Drug possession under R.C. 2925.11(A), a felony of the third degree, with one- and six-year firearm specifications

105 — Trafficking under R.C. 2925.03(A)(2), a felony of the second degree, with one- and six-year firearm specifications and a schoolyard specification

106 — Drug possession under R.C. 2925.11(A), a felony of the third degree, with one- and six-year firearm specifications

107 — Drug possession under R.C. 2925.11(A), a felony of the fifth degree, with one- and six-year firearm specifications

108 — Unlawful possession of dangerous ordnance under R.C. 2923.17(A), a felony of the fifth degree, with one- and six-year firearm specifications

109 — Having weapons while under disability under R.C. 2923.13(A)(1), a felony of the third degree

Counts 103-109 also contained forfeiture specifications.

{¶ 6} The trial court conducted a plea hearing on September 30, 2024. As part of a global resolution, Lindsey pled guilty to amended indictments. In Cuyahoga C.P. No. CR-23-686230-J, he pled guilty to participating in criminal gang activity (Count 22); trafficking (Count 105) with a six-year firearm specification, a schoolyard specification, and forfeiture specifications; and having a weapon while under disability (Count 109) with forfeiture specifications. Counts 103, 104, and 106 through 108 were nolled. In Cuyahoga C.P. No. CR-19-638907-A, he pled guilty to felonious assault on a peace officer (Count 1). Count 2 was nolled. In Cuyahoga C.P. No. CR-23-684496-A, he pled guilty to attempted felonious assault (Count 1), attempted failure to comply (Count 2), having weapons while under disability (Count 4) with forfeiture specifications, vandalism (Count 7), and criminal damaging or endangering (Count 8) amended to include all victims in Counts 8 through 11. Counts 3, 5, 6, 9, 10, and 11 were nolled. The trial court accepted Lindsey's plea and found him guilty. (Sentencing entry Oct. 24, 2024.)

{¶ 7} As part of the plea agreement, the parties recommended a combined range of 9 to 14 years in prison. (Tr. 21.) The trial court referred Lindsey to the probation department for preparation of a presentence-investigation report. (Tr. 66.) On October 24, 2024, the trial court imposed a sentence of 14 to 18 years pursuant to the Reagan Tokes Act. (Tr. 87.)

{¶ 8} Lindsey raises the following assignment of error for our review:

The guilty plea of Lindsey was not made knowingly, intelligently and voluntarily with a full understanding of the consequences.

**{¶ 9}** The relevant portions of the Crim.R. 11 plea colloquy are as follows:

[PROSECUTOR]: . . . Additionally, the parties agree to recommend a term of incarceration of 9 to 14 years at sentencing. That does not include the Reagan Tokes tail which may exceed 14 years.

. . .

DEFENSE COUNSEL: Your honor, that is my understanding of the offer.

(Tr. 21-22.) After Lindsey stated that he did not understand, the court elaborated:

THE COURT: So I'll go through this with you as well. So what part of that don't you understand?

THE DEFENDANT: I just don't understand like what you mean by the Reagan Tokes law, like within the sentence.

THE COURT: . . . So the way that you get the higher number is based on the number that the Court imposes. So, for example, for a felony of the first degree, . . . a potential sentence could be anywhere from 3 years to 11 years for a felony of the first degree. If the Court imposed a prison sentence of let's say 10 years for a felony of the first degree, the minimum sentence would be 10, and to get to the maximum sentence it would be by taking half of 10, which is 5, and then it gets added back into the 10 to make it 15. So it would be 10 is the sentence that you receive. Whomever, this isn't you, this is just an example. It would be 10 as the minimum sentence, the presumed sentence. And then the maximum sentence would be 15 under the Reagan Tokes.

THE DEFENDANT: Okay. So I have a question right here. So my plea deal is 9 years, right, to —

THE COURT: It's a range from 9 to 14, right.

THE DEFENDANT: So do that include the Reagan Tokes law right there?

THE COURT: No, that doesn't include the Reagan Tokes law. I'll also advise you that it's a recommended sentence as well. I don't make a promise because I'm not a part of your agreement. It's you, your lawyer, and the State who propose that to the Court. And I highly, highly, highly consider that at sentencing, but I'm independent. I'm not a part of the negotiations.

So that's why I inform you that the Court doesn't make a promise as to what your sentence is, but the Court accepts what the lawyers are recommending in making my decision. So whereas I don't promise you, I highly, highly consider what you're proposing to the court for sentencing.

And the 9 to 14 does not include the Reagan Tokes. . . .

So even though the State and defense may submit a recommended proposed sentence, it has to include Reagan Tokes by law.

On behalf of the State, is that accurate[?]

[PROSECUTOR]: Yes, Judge, the plea does not include Reagan Tokes.

THE COURT: On behalf of the defense, is that your understanding?

[DEFENSE COUNSEL]: It is our understanding, Your Honor. . . .

THE DEFENDANT: That's the only thing I was confused about, Reagan Tokes.

(Tr. 24-27.)

{¶ 10} When Lindsey did not understand, the trial court continued to engage in a discussion with him to ask what specifically he did not understand. The trial court also further explained possibilities at sentencing.

THE COURT: . . . And as I told you, and I will explain it to you again, is that I don't make a promise to you as to what your sentence is, but I highly, highly consider what you, your lawyer, and the State are proposing, because that's an agreement that you reached and you proposed it to the Court.

. . .

THE COURT: Also — and maybe you're asking this, that is there a possibility that the Court won't accept the range?

THE DEFENDANT: Yeah, that's what I'm saying.

THE COURT: So what I am saying is that I'm not promising you what your sentence could be. I'm not promising you here today that I am definitely going to accept a prison sentence in the range of 9 to 14 years.

What I am telling you is that I'm highly, highly, highly going to consider that, but I'm not going to promise you as to what your sentence will be. So I'm highly considering that, but I'm not promising you. I'm not making any promises to you.

THE DEFENDANT: So I can be taking a plea deal right now for a range of 9 to 14 and still get more years than that? That's what I'm trying to get to the bottom of.

THE COURT: Because the Court is not promising what your sentence will be. That's one of the questions I have to ask you, that you understand that there have been no promises to you as to what your sentence is going to be. So the Court is not promising you.

What the Court is informing you that I'm going to highly consider what you're all proposing to the Court as to what your sentence will be and what the conditions of your sentence will be and what the conditions of your sentence will be. So I'm highly considering that, but I'm not promising you. That's why I'm going to advise you of all the different penalties for each offense that you're pleading guilty to.

. . .

THE COURT: . . . And so the Court though doesn't make a promise as to what the sentence would be, but that's what I highly consider when I'm sentencing you.

(Tr. 29-32.)

THE COURT: So that's why I don't make a promise as to what your sentence will be.

(Tr. 33.)

THE DEFENDANT: *So even if we was to come to a set agreement on a number, you still could give me more or less.*

THE COURT: *Correct.*

THE DEFENDANT: *Okay.*

(Emphasis added.) (Tr. 35.)

> THE COURT: It's also my understanding as part of the plea agreement that you, your lawyer, and the State all proposed to the Court, which I've reviewed with you and I'm informing you again, a recommended agreed sentence of 9 to 14 years. So a prison sentence in the range of 9 to 14 years.
>
> That prison sentence includes all three cases. It's a package deal with all three of the cases that we reviewed today, and it does not include the Reagan Tokes tail, which I explained to you when we started. But it does include the firearm specification.

(Tr. 50.)

> THE COURT: And then as I explained with Reagan Tokes, that that is a minimum sentence that you receive and a maximum sentence. So the minimum sentence is the sentence that the court imposes, and to get the maximum, the Court would take half of that minimum number and add it to the sentence.

(Tr. 51-52.)

> THE COURT: Do you understand that there's no promise of a particular sentence?
>
> THE DEFENDANT: Yes.

(Tr. 57.)

{¶ 11} The trial court also went over the plea agreement for each case with Lindsey, outlining all possible penalties, fines, and maximum sentences. (Tr. 44-46, and 54.)

## II. Law and Analysis

{¶ 12} "To ensure that a defendant enters a plea knowingly, voluntarily, and intelligently, a trial court must engage in colloquy with the defendant in accordance with Crim.R. 11(C)." *State v. Meadows*, 2022-Ohio-4513, ¶ 18 (8th Dist.), citing

*State v. Engle*, 74 Ohio St.3d 525, 527 (1996). Crim.R. 11(C)(2) requires that during the plea colloquy the trial court does the following:

> (a) Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing.

> (b) Informing the defendant of and determining that the defendant understands the effect of the plea of guilty or no contest, and that the court, upon acceptance of the plea, may proceed with judgment and sentence.

> (c) Informing the defendant and determining that the defendant understands that by the plea the defendant is waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself.

{¶ 13} Appellate review of compliance with Crim.R. 11(C) is de novo and considers the totality of the circumstances to determine whether the plea hearing followed the rule. *State v. Foster*, 2024-Ohio-5919, ¶ 8 (8th Dist.); *State v. Cardwell*, 2009-Ohio-6827, ¶ 26 (8th Dist.). The appellate court reviews the following:

> (1) has the trial court complied with the relevant provision of the rule?

> (2) if the court has not complied fully with the rule, is the purported failure of a type that excuses a defendant from the burden of demonstrating prejudice? And

> (3) if a showing of prejudice is required, has the defendant met that burden?

*State v. Ponomarenko*, 2024-Ohio-4789, ¶ 15 (8th Dist.), citing *State v. Dangler*, 2020-Ohio-2765, ¶ 17.

{¶ 14} The focus on review is "whether the dialogue between the court and the defendant demonstrates that the defendant understood the consequences of his plea[.]" *Dangler* at ¶ 12, citing *State v. Veney*, 2008-Ohio-5200, ¶ 15-16; *State v. Clark*, 2008-Ohio-3748, ¶ 26; *State v. Miller*, 2020-Ohio-1420, ¶ 19. A criminal defendant asking an appellate court to reverse a conviction must show that an error occurred in the trial court proceedings and that he was prejudiced by that error. *Dangler* at ¶ 13; *see State v. Perry*, 2004-Ohio-297, ¶ 14-15; *State v. Stewart*, 51 Ohio St.2d 86, 93 (1977); Crim.R. 52.

{¶ 15} There are two exceptions to this rule. The first exception is when a trial court fails to explain constitutional rights that a defendant waives by entering a guilty plea, there is a presumption that a plea was entered involuntarily and unknowingly, and a showing of prejudice is not required. *Dangler* at ¶ 14; *Clark* at ¶ 31. The second exception is a trial court's complete failure to comply with a portion of Crim.R. 11, in which case the defendant is not required to show prejudice. *Dangler* at ¶ 15; *State v. Sarkozy*, 2008-Ohio-509, ¶ 22.

{¶ 16} A trial court complies with Crim.R. 11 "when it provides an explanation as to how an indefinite sentence under Reagan Tokes would be calculated and informs the defendant of the maximum sentence that could be imposed." *State v. Hollowell*, 2024-Ohio-4581, ¶ 15 (8th Dist.), *State v. Colvin*, 2024-Ohio-2906, ¶ 16 (8th Dist.), citing *State v. Vitumukiza*, 2022-Ohio-1170, ¶ 16,

19 (8th Dist.). "[T]he trial court, on accepting the plea agreement, retain[s] the discretion to impose a sentence that [is] less severe or more severe than the jointly recommended sentence." *State v. Miles*, 2024-Ohio-1982, ¶ 10 (8th Dist.), citing *State v. Watson*, 2023-Ohio-4034, ¶ 3, citing *State v. Underwood*, 2010-Ohio-1, ¶ 28.

{¶ 17} In this case, Lindsey argues that his plea was not knowingly, intelligently, and voluntarily made because the Reagan Tokes explanation during the plea colloquy was confusing. Lindsey also argues that the trial court should have disclosed the intended sentence prior to his change-of-plea hearing and that he was prejudiced because he would not have entered a guilty plea if he knew that he would be sentenced to 18 years in prison.

{¶ 18} The record reflects that at the beginning of the plea colloquy, Lindsey did not understand the Reagan Tokes sentencing. The trial court spent substantial time during the plea colloquy answering Lindsey's questions and outlining the math involved with Reagan Tokes sentencing. In addition, the trial court told Lindsey multiple times during the plea colloquy that the plea agreement was between him and the State and the trial court was not party to that agreement. The trial court also told Lindsey multiple times that there were no promises as to what his sentence would be. Lastly, the trial court told Lindsey multiple times that his sentence could be more time or less time than what was recommended by the plea agreement.

{¶ 19} Later in the plea colloquy, Lindsey acknowledged his understanding. In fact, it is clear from the record that Lindsey knew he could be sentenced to more

than the recommended sentence in the plea agreement when he stated: "[S]o even if we was to come to a set agreement on a number, you still could give me more or less." (Tr. 35.) In addition, it is also clear from Lindsey's responses that he understood how his sentence would be affected by the Reagan Tokes tail and the firearm specification.

{¶ 20} We find no error because the trial court fully complied with the requirements of Crim.R. 11. Under *Dangler*, 2020-Ohio-2765, no further analysis is required. Moreover, Lindsey's sole assignment of error is overruled.

{¶ 21} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's convictions having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
DEENA R. CALABRESE, JUDGE

MARY J. BOYLE, P.J., and
KATHLEEN ANN KEOUGH, J., CONCUR