[Cite as *State v. Poage*, 2022-Ohio-467.]

# COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | No. 110577 |
| v. | : | |
| DAMON D. POAGE, | : | |
| Defendant-Appellant. | : | |

---

## JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** February 17, 2022

---

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-20-650784-A

---

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Christine M. Vacha, Assistant Prosecuting Attorney, *for appellee.*

Fred D. Middleton, *for appellant.*

MARY EILEEN KILBANE, J.:

{¶ 1} Defendant-appellant Damon D. Poage ("Poage") appeals from his convictions for sexual battery and intimidation following a guilty plea. Specifically, Poage argues that his guilty plea was not knowingly, intelligently, and voluntarily

entered because the trial court failed to comply with the requirements of Crim.R. 11(C). For the following reasons, we affirm.

**Factual and Procedural History**

{¶ 2} On June 9, 2020, a Cuyahoga County Grand Jury indicted Poage on one count of rape in violation of R.C. 2907.02(A)(2) and one count of rape in violation of R.C. 2907.02(A)(1)(c), both felonies of the first degree. These charges arose from an incident in which Poage sexually assaulted a 14-year-old girl.

{¶ 3} Poage initially pleaded not guilty to these charges. On September 1, 2020, Poage filed a pro se motion for replacement of counsel. On September 14, 2020, the court held a change-of-plea hearing. Poage made an oral motion to withdraw his September 1 motion for replacement of counsel. The prosecutor informed the court that the parties had negotiated a plea deal and then went on to outline the charges to which Poage was agreeing to plead guilty as follows: Count 1 was amended to sexual battery in violation of R.C. 2907.03(A)(1) and Count 2 was amended to intimidation of a crime victim or a witness in violation of R.C. 2921.04(B)(1). Both amended counts were felonies of the third degree. The sexual battery charge was a Tier III sexual offense that would require lifetime registration.

{¶ 4} The court then engaged Poage in a Crim.R. 11 colloquy. The court outlined the sexual offender registration requirements. The court stated that each count carried a prison term of nine to 36 months. The court also informed Poage that the plea agreement included an agreement that the offenses were not allied and the court could impose consecutive sentences. The court confirmed that Poage

understood this and understood the rights that Poage was giving up by pleading guilty, after which the following exchange occurred:

> THE COURT: Counsel, are you satisfied the Court has complied with Criminal Rule 11?
>
> PROSECUTOR: Your Honor, I am satisfied, but the State does need to make a correction on the record as to the penalty for the sexual battery.
>
> I did want to verify because it is a sex offense the penalty is not under the normal nine to 36 months.
>
> THE COURT: Oh, it's a high tier.
>
> PROSECUTOR: It's under the one to five years indefinite term. If it's imposed it's under definite terms of 12, 18, 24, 30, 36, 42, 48, 54 or 60 months which essentially is a definite term of one to five years in prison if imposed under the facts.
>
> Count 2 would still be the regular nine to 36 months but I wanted that correction before the defendant entered his plea to be made on the record and the Court readvised him of that potential penalty just for Count 1.
>
> THE COURT: That's right. I apologize. Because the nature of the offense, the sexual battery, this is a high tier, which means that the potential penalty that you face is 12 months, 18 months, 24 months, 32 months,[1] 42 months, 54 months or 60 months. If I've got that right.
>
> So 12 to 60 months time of incarceration on amended Count 1. Do you understand that?
>
> POAGE: Yes, ma'am.

The court then confirmed that both the state and defense counsel were satisfied that it had complied with Crim.R. 11 and confirmed that Poage understood the maximum potential penalties he faced. The court then accepted Poage's guilty pleas. The court

---

[1] The court subsequently clarified that the potential penalty was between 12 and 60 months, in six-month increments, meaning that the court could sentence Poage to 30 months instead of 32 months.

referred Poage for preparation of a presentence investigation and set sentencing for October 14, 2020. In the corresponding journal entry, the court ordered the parties to submit sentencing memoranda no later than seven days prior to sentencing.

{¶ 5} On October 14, 2020, the court reconvened. Due to a misunderstanding, neither party had filed a sentencing memoranda, so the court continued sentencing. On January 19, 2021, the court held a video sentencing hearing. The court stated that it had reviewed the sentencing memoranda submitted by both parties, as well as the presentence investigation. The court then heard from the assistant prosecuting attorney, defense counsel, and Poage. The assistant prosecuting attorney requested that the court impose the maximum consecutive sentence and informed the court that the victim's family also requested the maximum sentence. The court reiterated the registration requirements based on Poage's status as a Tier III sexual offender. The court stated that it considered the purposes and principles of felony sentencing and ultimately imposed a sentence of 54 months on Count 1 and 24 months on Count 2. The court ordered these sentences to be served consecutively for a total sentence of 78 months. The court did not impose any fine and waived court costs.

{¶ 6} One week after sentencing, on January 27, 2021, after being informed by Poage that he had trouble hearing the video sentencing hearing, defense counsel diligently filed a motion to reopen sentencing. The court granted this motion and immediately reconvened on January 28, 2021 for a resentencing hearing. Poage was present in court for the resentencing hearing, at which the court heard from the

state, the victim's mother, defense counsel, and Poage. The court stated that it had reviewed the sentencing memoranda and presentence investigation report and considered the statements made at the resentencing hearing. The court imposed a sentence of 54 months on Count 1 and 24 months on Count 2, to be served consecutively, for a total sentence of 78 months.

{¶ 7} On May 3, 2021, Poage filed a notice of appeal. On May 13, 2021, this court dismissed the appeal as untimely. On June 9, 2021, Poage filed a motion for delayed appeal. On June 15, 2021, this court granted Poage's motion for delayed appeal and appointed counsel. Poage presents one assignment of error for our review.

**Legal Analysis**

{¶ 8} In his sole assignment of error, Poage argues that his plea was not entered knowingly and intelligently with a full understanding of the possible sentences to be imposed in violation of Crim.R. 11(C). We disagree.

{¶ 9} The underlying purpose of Crim.R. 11 is to convey certain information to a defendant so that they can make a voluntary and intelligent decision regarding whether to plead guilty. *State v. Ballard*, 66 Ohio St.2d 473, 479-480, 423 N.E.2d 115 (1981). "The standard for reviewing whether the trial court accepted a plea in compliance with Crim.R. 11(C) is a de novo standard of review." *State v. Cardwell*, 8th Dist. Cuyahoga No. 92796, 2009-Ohio-6827, ¶ 26, citing *State v. Stewart*, 51 Ohio St.2d 86, 364 N.E.2d 1163 (1977).

{¶ 10} In order to ensure that a defendant enters a plea knowingly, intelligently, and voluntarily, a trial court must engage in an oral dialogue with the defendant in accordance with Crim.R. 11(C). *State v. Engle*, 74 Ohio St.3d 525, 527, 660 N.E.2d 450 (1996). Crim.R. 11(C) outlines the trial court's duties in accepting guilty pleas:

> (2) In felony cases the court may refuse to accept a plea of guilty or a plea of no contest, and shall not accept a plea of guilty or no contest without first addressing the defendant personally and doing all of the following:
>
> (a) Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing.
>
> (b) Informing the defendant of and determining that the defendant understands the effect of the plea of guilty or no contest, and that the court, upon acceptance of the plea, may proceed with judgment and sentence.
>
> (c) Informing the defendant and determining that the defendant understands that by the plea the defendant is waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself.

{¶ 11} When a trial court fails to explain the constitutional rights outlined in Crim.R. 11 that a defendant waives by pleading guilty, we presume that the plea was entered involuntarily and unknowingly, and no showing of prejudice is required. *State v. Dangler*, 162 Ohio St.3d 1, 2020-Ohio-2765, 164 N.E.3d 286, ¶ 14, citing *State v. Clark*, 119 Ohio St.3d 239, 2008-Ohio-3748, 893 N.E.2d 462, ¶ 31, and *State*

*v. Veney*, 120 Ohio St.3d 176, 2008-Ohio-5200, 897 N.E.2d 621, syllabus. When a defendant attempts to invalidate his plea, reviewing courts engage in the following inquiry:

> (1) has the trial court complied with the relevant provision of the rule? (2) if the court has not complied fully with the rule, is the purported failure of a type that excuses a defendant from the burden of demonstrating prejudice? and (3) if a showing of prejudice is required, has the defendant met that burden?

*Id.* at ¶ 17.

{¶ 12} After a thorough review of the plea hearing, we conclude that the trial court complied with the nonconstitutional requirements of Crim.R. 11(C), including the requirement that it inform the defendant of the maximum penalty involved. Therefore, we answer the first question of the *Dangler* analysis affirmatively. We agree with Poage that, as detailed above, the court initially incorrectly stated that both counts were punishable by nine to 36 months in prison. This misstatement was promptly corrected, however, when the court informed Poage that Count 1, sexual battery, was punishable by 12 to 60 months in prison. Upon informing Poage of the correct potential penalty he faced, the court asked Poage whether he understood, and Poage confirmed that he did. Further, the court informed Poage that because the two offenses to which he was pleading guilty were not allied offenses of similar import, it could choose to impose consecutive sentences. Poage again confirmed that he understood this.

{¶ 13} While we acknowledge that the record contains an error as to the maximum potential penalties Poage faced, the record also clearly shows that this

error was corrected and that the plea colloquy conformed with Crim.R. 11. Additionally, to the extent that Poage argues that the court should have explicitly informed him of the total potential sentence he faced, Ohio courts have declined to interpret this as a requirement of Crim.R. 11(C). While it may be a best practice for a court to inform a defendant of the total of all potential sentences he may receive, it is not a requirement for a court to comply with Crim.R. 11(C). The Ohio Supreme Court has held that "neither the United States Constitution nor the Ohio Constitution requires that in order for a guilty plea to be voluntary a defendant must be told the maximum total of the sentences he faces[.]" *State v. Johnson*, 40 Ohio St.3d 130, 532 N.E.2d 1295 (1988). Therefore, a trial court properly complies with Crim.R. 11(C) by informing the defendant of the maximum sentences faced for each of the individual charged crimes. *Id.* at 134. Likewise, a trial court is not required "'to advise a defendant of the cumulative total of all prison terms for all the offenses at the time of the guilty plea.'" *State v. Gooden*, 8th Dist. Cuyahoga No. 109643, 2021-Ohio-1192, ¶ 20, quoting *State v. Wojtowicz*, 8th Dist. Cuyahoga No. 104384, 2017-Ohio-1359, ¶ 12, citing *State v. Vinson*, 2016-Ohio-7604, 73 N.E.3d 1025, ¶ 25 (8th Dist.). Here, because the trial court clearly informed Poage of the maximum potential penalties he faced for each of the offenses to which he was pleading guilty, the court complied with Crim.R. 11.

{¶ 14} Because the trial court did not completely fail to comply with Crim.R. 11(C)(2)(a)'s requirement that it explain the maximum penalty, and that is not a constitutional requirement, Poage can prevail only by establishing that he would not

have pleaded guilty but for the trial court's failure to inform him of the cumulative total of his potential sentences. *Dangler* at ¶ 23. There is nothing in the record indicating that Poage would not have pleaded guilty had the trial court informed him of the potential cumulative total of the sentences he faced. Because the *Dangler* inquiry requires Poage to establish prejudice and he has not met this burden, he is not entitled to have his plea vacated for a failure to comply with Crim.R. 11(C). Therefore, Poage's assignment of error is overruled.

{¶ 15} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MARY EILEEN KILBANE, PRESIDING JUDGE

EMANUELLA D. GROVES, J., and
MARY J. BOYLE, J., CONCUR