[Cite as *State v. Foster*, 2024-Ohio-5919.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

STATE OF OHIO, :

    Plaintiff-Appellee, :

                            No. 114127

v. :

DERRICK FOSTER, :

    Defendant-Appellant. :

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** December 19, 2024

---

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-24-690305-A

---

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Brittany Stipich, Assistant Prosecuting Attorney, *for appellee.*

Fred D. Middleton, *for appellant.*

EILEEN T. GALLAGHER, P.J.:

{¶ 1} This cause came to be heard on the accelerated calendar pursuant to App.R. 11.1 and Loc.App.R. 11.1. Defendant-appellant, Derrick Foster ("Foster"), appeals from his conviction, raising the following assignment of error for review:

Foster's guilty plea was not entered knowingly and intelligently with full understanding of the possible sentences imposed by this court in violation of Criminal Rule 11(C).

{¶ 2} After careful review of the record and relevant case law, we affirm Foster's convictions.

## I. Procedural and Factual History

{¶ 3} On April 1, 2024, Foster was named in a two-count indictment, charging him with having weapons while under disability in violation of R.C. 2929.13(A)(2), with a forfeiture specification (Count 1); and carrying a concealed weapon in violation of R.C. 2923.12(A)(2), with a forfeiture specification (Count 2).

{¶ 4} On June 4, 2024, Foster appeared before the trial court and expressed his intention to accept the terms of a negotiated plea agreement with the State. Following a Crim.R. 11 colloquy, Foster pleaded guilty to attempted having weapons while under disability in violation of R.C. 2923.02 and 2923.13(A)(2), a felony of the fourth degree, as amended in Count 1 of the indictment. The remaining count was nolled. The trial court accepted Foster's guilty plea and referred the matter to the county probation department for the completion of a presentence-investigation report.

{¶ 5} On June 25, 2024, the trial court sentenced Foster to a ten-month term of imprisonment on amended Count 1, finding that Foster was "not amenable to a community control sentence" based upon his criminal history and the nature of the offense. (Tr. 28.)

{¶ 6} Foster now appeals from his conviction.

## II. Law and Analysis

{¶ 7} In the sole assignment of error, Foster argues his guilty plea was not knowingly, intelligently, and voluntarily entered pursuant to Crim.R. 11(C). Foster contends the trial court failed to adequately explain the nature of the charge and the maximum penalty involved.

{¶ 8} A defendant's plea must be entered knowingly, intelligently, and voluntarily for the plea to be constitutional under the United States and Ohio Constitutions. *State v. Engle*, 74 Ohio St.3d 525, 527 (1996). "Ohio Crim.R. 11(C) was adopted in order to facilitate a more accurate determination of the voluntariness of a defendant's plea by ensuring an adequate record for review." *State v. Nero*, 56 Ohio St.3d 106, 107 (1990). The purpose of Crim.R. 11(C) is to require the trial court to convey certain information to a defendant so that he or she can make a voluntary and intelligent decision regarding whether to plead guilty or no contest. *State v. Poage*, 2022-Ohio-467, ¶ 9 (8th Dist.), citing *State v. Ballard*, 66 Ohio St.2d 473, 479-480 (1981). On appeal, we review the trial court's adherence to Crim.R. 11(C) de novo and consider the totality of the circumstances to determine whether the plea hearing was following the rule. *State v. Cardwell*, 2009-Ohio-6827, ¶ 26 (8th Dist.).

{¶ 9} Under Crim.R. 11(C)(2), a trial court shall not accept a guilty plea in a felony case without first addressing the defendant personally and doing all the following:

(a) Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and, if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing.

(b) Informing the defendant of and determining that the defendant understands the effect of the plea of guilty . . ., and that the court, upon acceptance of the plea, may proceed with judgment and sentence.

(c) Informing the defendant and determining that the defendant understands that by the plea the defendant is waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself.

{¶ 10} "When a criminal defendant seeks to have his conviction reversed on appeal, the traditional rule is that he must establish that an error occurred in the trial-court proceedings and that he was prejudiced by that error." *State v. Dangler*, 2020-Ohio-2765, ¶ 13, citing *State v. Perry*, 2004-Ohio-297, ¶ 14-15, and *State v. Stewart*, 51 Ohio St.2d 86, 93 (1977); Crim.R. 52. A limited exception exists when the trial court fails to explain the constitutional rights waived by the defendant when pleading guilty as outlined in Crim.R. 11(C)(2)(c). *State v. Dangler,* 2020-Ohio-2765*,* ¶ 14, citing *State v. Clark*, 2008-Ohio-3748, ¶ 31, and *State v. Veney*, 2008-Ohio-5200, syllabus. A trial court's complete failure to comply with a portion of Crim.R. 11(C) also eliminates the defendant's burden to show prejudice. *Id*. at ¶ 15, citing *State v. Sarkozy*, 2008-Ohio-509, ¶ 22.

{¶ 11} "Aside from these two exceptions, the traditional rule continues to apply: a defendant is not entitled to have his plea vacated unless he demonstrates

he was prejudiced by a failure of the trial court to comply with the provisions of Crim.R. 11(C)." *Id.* at ¶ 16, citing *Nero*, 56 Ohio St. at 108. This includes instances where the trial court fails to fully cover the "nonconstitutional" aspects of the plea colloquy. *Id.* at ¶ 14, citing *Veney* at ¶ 17 (distinguishing the nonconstitutional notifications required by Crim.R. 11(C)(2)(a) and (b) from the constitutional rights notifications required by Crim.R. 11(C)(2)(c)). "The test for prejudice is 'whether the plea would have otherwise been made.'" *Id.* at ¶ 16, quoting *Nero* at 108.

> [T]he questions to be answered are simply: (1) has the trial court complied with the relevant provision of the rule? (2) if the court has not complied fully with the rule, is the purported failure of a type that excuses a defendant from the burden of demonstrating prejudice? and (3) if a showing of prejudice is required, has the defendant met that burden?

*Id.* at ¶ 17.

{¶ 12} In this case, Foster claims the trial court failed to comply with Crim.R. 11(C)(2)(a), a nonconstitutional provision, when it "failed to properly explain the statutory penalty he faced." Foster suggests that the trial court's Crim.R. 11 colloquy caused him to believe that he would be sentenced to a term of community-control sanctions and not a term of imprisonment.

{¶ 13} "Crim.R. 11(C)(2)(a) requires a trial court to determine that the defendant has an awareness about the potential penalty before accepting a guilty plea. It does not, however, require the court to make any specific articulation as to the potential penalty." *State v. Homolak*, 2019-Ohio-869, ¶ 4 (8th Dist.). Likewise, "Crim.R. 11(C) does not require the trial court to inform a defendant when he or she

is eligible for community control; it only requires that a defendant be informed of his or her ineligibility." *State v. Russell*, 2011-Ohio-1738, ¶ 9 (2d Dist.); *see also State v. Drzayich*, 2016-Ohio-1398, ¶ 22 (6th Dist.) ("[T]he rule makes clear that the trial court must orally advise a defendant of his or her ineligibility for community control. There is no converse requirement that the trial court advise the defendant that he or she is eligible for community control."); *State v. Anderson*, 2012-Ohio-2759, ¶ 11 (7th Dist.) ("Crim.R. 11(C) only requires an advisement if the offender is not eligible for probation or a community control sanction.").

{¶ 14} Our review of the transcript shows that the trial court advised Foster that by pleading guilty to a felony of the fourth degree, he was subject to a "maximum potential prison sentence of anywhere from 6 to 18 months in monthly increments and a fine of up to $5,000." (Tr. 12.) Next, the court advised Foster that he "could" be placed on community-control sanctions for a period of up to five years. (Tr. 13.) However, the court clarified that "there [was] no promise of a particular sentence." (Tr. 14.) Foster indicated his understanding of the court's advisements and did not have questions about his rights, the charges, or the maximum penalties.

{¶ 15} Contrary to Foster's assertion on appeal, the trial court's advisement was not confusing or misleading. Foster pleaded guilty to attempted having weapons while under disability in violation of R.C. 2923.02 and 2923.13(A)(2), a felony of the fourth degree. This offense does not require a mandatory prison sentence. *See* R.C. 2929.13(F). Pursuant to R.C. 2929.13(B)(1)(b) and 2929.14(A)(4), if a prison term is not mandatory, the trial court has discretion to

sentence an offender who is convicted of a fourth-degree felony to community control or to a term of imprisonment ranging from six, seven, eight, nine, ten, eleven, twelve, thirteen, fourteen, fifteen, sixteen, seventeen, or eighteen months. In this case, the trial court had the right to impose community-control sanctions, but chose not to under the circumstances. The trial court's statement regarding the applicable prison range and Foster's eligibility for community control was accurate. Accordingly, the trial court fulfilled its obligations under Crim.R. 11(C)(2)(a).

{¶ 16} Based on the foregoing, we find we find that the trial court engaged in a full and appropriate plea colloquy pursuant to Crim.R. 11(C). Nothing in the record before us demonstrates that Foster was misled by the trial court, prosecutor, or defense counsel about the rights he was waiving or the penalties he faced. Foster's plea was knowingly, intelligently, and voluntarily entered, and his sole assignment of error is, therefore, overruled.

{¶ 17} Judgement affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
EILEEN T. GALLAGHER, PRESIDING JUDGE

MICHAEL JOHN RYAN, J., and
WILLIAM A. KLATT, J.,* CONCUR

(*Sitting by assignment: William A. Klatt, J., retired, of the Tenth District Court of Appeals.)