[Cite as *State v. Albright*, 2025-Ohio-2366.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

STATE OF OHIO,                               :

    Plaintiff-Appellee,               :

                                 No. 114448

    v.                                       :

DARQUAN ALBRIGHT,                            :

    Defendant-Appellant.              :

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** July 3, 2025

---

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-24-692253-A

---

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Connor Davin, Assistant Prosecuting Attorney, *for appellee*.

Kimberly Kendall Corral and Gabrielle M. Ploplis, *for appellant*.

MICHAEL JOHN RYAN, J.:

{¶ 1} Defendant-appellant Darquan Albright ("appellant") challenges his guilty plea on multiple offenses. Finding no merit to the appeal, we affirm.

{¶ 2} In 2024, appellant was charged with Count 1, attempted murder in violation of R.C. 2923.02 and 2903.02(A) with one-, three-, and five-year firearm specifications; Count 2, felonious assault in violation of R.C. 2903.11(A)(1) with one-, three-, and five-year firearm specifications; Counts 3-6, felonious assault in violation of R.C. 2903.11(A)(2) with one-, three-, and five-year firearm specifications; Counts 7-8, improperly discharging a firearm at or into a habitation or school safety zone in violation of R.C. 2923.161(A)(1) with one-, three-, and five-year firearm specifications; and Count 9, improperly handling firearms in a motor vehicle in violation of R.C. 2923.16(B).

{¶ 3} Appellant entered into a plea agreement with the State of Ohio and pleaded guilty to an amended Count 2, felonious assault with a three-year gun specification; amended Count 4, felonious assault with a one-year firearm specification, and Count 7, improperly discharging a firearm. The remaining counts were nolled.

{¶ 4} On September 12, 2024, appellant was sentenced to nine to 11 and one-half years in prison as follows: Count 2 — five to seven and one-half years plus the three-year firearm specification, Count 4 — five years plus the one-year firearm specification, Count 7 — five years. The firearm specifications were ordered to be served consecutively to each other and prior to the base charges.

{¶ 5} Appellant appealed, raising one assignment of error for our review:

> The trial court erred in failing to inform the appellant that the jury could find him guilty of the underlying offense, without a finding of guilt as to the firearm specifications attached to the underlying offense.

{¶ 6} In his sole assignment of error, appellant asserts that the trial court failed to properly inform him of the penalties he was facing. Appellant contends that his plea must be vacated because it was not knowingly, intelligently, and voluntarily made. We disagree.

{¶ 7} A defendant's plea must be entered knowingly, intelligently, and voluntarily for the plea to be constitutional under the United States and Ohio Constitutions. *State v. Engle*, 74 Ohio St.3d 525, 527 (1996). Crim.R. 11(C) requires a trial court to convey certain information to a defendant so that he or she can make a voluntary and intelligent decision regarding whether to plead guilty. *State v. Poage*, 2022-Ohio-467, ¶ 9 (8th Dist.), citing *State v. Ballard*, 66 Ohio St.2d 473, 479-480 (1981). This court reviews a trial court's adherence to Crim.R. 11(C) de novo and considers the totality of the circumstances to determine whether the trial court complied with Crim.R. 11(C)'s dictates. *State v. Foster*, 2024-Ohio-5919, ¶ 8-9 (8th Dist.), citing *State v. Cardwell*, 2009-Ohio-6827, ¶ 26 (8th Dist.).

{¶ 8} "When a criminal defendant seeks to have his [or her] conviction reversed on appeal, the traditional rule is that he [or she] must establish that an error occurred in the trial-court proceedings and that he [or she] was prejudiced by that error." *State v. Dangler*, 2020-Ohio-2765, ¶ 13, citing *State v. Perry*, 2004-Ohio-297, ¶ 14-15, and *State v. Stewart*, 51 Ohio St.2d 86, 93 (1977); Crim.R. 52. A limited exception exists when the trial court fails to explain the constitutional rights waived by the defendant when pleading guilty as outlined in Crim.R. 11(C)(2)(c). *Foster* at ¶ 10, citing *Dangler*. "A trial court's complete failure

to comply with a portion of Crim.R. 11(C) also eliminates the defendant's burden to show prejudice." *Foster* at *id.*, citing *Dangler*.

{¶ 9} The *Dangler* Court summarized appellate review of a trial court's compliance with Crim.R. 11(C) as follows:

> [T]he questions to be answered are simply: (1) has the trial court complied with the relevant provision of the rule? (2) if the court has not complied fully with the rule, is the purported failure of a type that excuses a defendant from the burden of demonstrating prejudice? and (3) if a showing of prejudice is required, has the defendant met that burden?

*Id.* at ¶ 17.

{¶ 10} At issue in this case is Crim.R. 11(C)(2)(a), which requires the trial court to address the defendant personally and "determine that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved . . . ."

{¶ 11} Appellant argues that the trial court failed to properly inform him of the *minimum* penalty he was facing if he were to take the case to trial. Specifically, appellant argues that he accepted the plea offer with the mistaken belief that if he proceeded to trial, his exposure to mandatory time on the firearm specifications was 11 years or more but that the plea offer "ensures that mandatory gun-specification time is a minimum and maximum of four years."

{¶ 12} Appellant confuses what the trial court told him he would be facing if he proceeded to trial versus what the trial court informed him regarding the State's plea offer. During the plea hearing, the trial court told appellant that if he were to

accept the State's plea offer, the State "would dismiss Counts 1, 3, 5, 6, 8, and 9. And what remains would be a 3-year, and a 1-year firearm specification. Under the law, those counts have to run consecutive to each other, so 4 years on the firearms." The court continued:

> On the plea, the mandatory time comes in on the firearm specifications. So those counts, the three felonious assaults, could run consecutive; they could run concurrent to each other. The minimum sentence that I'm allowed to sentence you to would be 6 years, and it would look like 6 to 7 1/2 years under the Reagan Tokes.[1] No, it would be— yeah. I mean, the tail would be a year and a half on the minimum sentence. But at trial, if you're found guilty on the counts with those firearm specifications, I have no discretion. It starts at 11 years.

{¶ 13} Appellant then questioned: "So if I take it to trial, I'm automatically getting 11 [years], no matter what I'm found guilty of?"

{¶ 14} The trial court explained:

> Well, if you're found guilty of one of those counts that has the 5- year specification and the 3-year [specification], the law requires that I run those two firearm specifications consecutive. So out the gate, 8 years on the firearm specifications, then you still have the underlying offense. If you're found guilty of more than one with the 3-year firearm specification, so say they find you guilty of the attempted murder and the felonious assault, 11 years. I can't do anything about it. I have to run the 5, a 3, and a 3 consecutive to each other. And then that's not even dealing with – that's just because you had a gun, if these charges are true, right? So just out the gate, 11 years, and then whatever happens on the underlying offenses. So even if you're found guilty on one or two of those counts, it's already far exceeded, on the mandatory time, what the mandatory time would be on the full plea.

---

[1] "Reagan Tokes" refers to Ohio's indefinite sentencing scheme, commonly known as the "Reagan Tokes Law."

{¶ 15} Appellant then conferred with his attorney and family members, stated he wanted to accept the plea offer, and pleaded guilty as outlined above.

{¶ 16} In *State v. Parker*, 2024-Ohio-164 (5th Dist.), the appellant argued that the trial court did not substantially comply with Crim.R. 11 because the court misinformed him of the minimum mandatory sentence he was facing should he plead no contest as outlined in the plea offer. *Id*. at ¶ 22. The appellate court found that the trial court erred during the Crim.R. 11(C) colloquy by stating that the appellant was subject to a mandatory minimum of three years should he accept the plea, when in fact the defendant was subject to a mandatory minimum of 11 years. The court concluded that the trial court did not substantially comply with Crim.R. 11 and that the appellant was prejudiced by the error. *Id*. at ¶ 24.

{¶ 17} Our review of the record reveals that the trial court's statements were not incorrect or otherwise misleading. The trial court properly informed appellant during the Crim.R. 11 colloquy of the potential penalties he was facing — including a mandatory four years' imprisonment on the firearm specifications.

{¶ 18} Our independent review of the plea hearing shows that the trial court complied with the mandates of Crim.R. 11 and the appellant's plea was knowingly, voluntarily, and intelligently made.

{¶ 19} The sole assignment of error is overruled.

{¶ 20} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MICHAEL JOHN RYAN, JUDGE

MICHELLE J. SHEEHAN, P.J., and
LISA B. FORBES, J., CONCUR