[Cite as *State v. Saunders*, 2026-Ohio-1496.]

IN THE OHIO COURT OF APPEALS
FIFTH APPELLATE DISTRICT
GUERNSEY COUNTY, OHIO

| | |
|---|---|
| STATE OF OHIO, | Case No. 25 CA 27 |
| Plaintiff - Appellee | Opinion & Judgment Entry |
| -vs- | Appeal from the Court of Common Pleas of Guernsey County, Case No. 25 CR 62 |
| MICHELLE SAUNDERS, | Judgment:  Affirmed |
| Defendant - Appellant | Date of Judgment:  April 23, 2026 |

BEFORE: Craig R. Baldwin, Kevin W. Popham, and David M. Gormley, Judges

APPEARANCES: Mark A. Perlaky (Assistant Guernsey County Prosecuting Attorney), Cambridge, Ohio, for Plaintiff-Appellee; Michael G. Groh, Cambridge, Ohio, for Defendant-Appellant.

*Gormley, J.*

{¶1}  Defendant Michelle Saunders challenges her convictions on two drug-related felony charges, arguing that her guilty pleas to the charges should be undone because the trial judge did not inform her during the plea-change hearing that any prison terms in this case could be imposed consecutively to another county's prison terms that she was already serving.  Because that issue is not one that the trial judge had an obligation to address at a plea-change hearing, we affirm the judgment in Saunders's case.

**The Key Facts**

{¶2}  When Saunders pled guilty to two second-degree-felony drug charges in this Guernsey County case, she was already serving prison terms for several Union County convictions unrelated to the charges in this case.  At the plea-change hearing in this case, the trial judge advised Saunders that any prison terms in this case could be imposed by the judge consecutively to each other.  The trial judge did not, however, advise Saunders

that any prison terms in this case could be imposed by the judge consecutively to the Union County prison terms that she was already serving.

{¶3} After the plea-change hearing, the judge did impose consecutive prison terms on the two charges in this case, and the judge also ordered that Saunders serve the prison terms in this case consecutively to her Union County sentences. Saunders now appeals.

## The Trial Court Was Not Obligated to Advise Saunders That Her Sentences in this Case Could Be Imposed Consecutively to Her Sentences in a Different Case from a Different County

{¶4} In her only assignment of error, Saunders contends that her guilty plea was not made in the requisite knowing, intelligent, and voluntary way because the trial court did not advise her that the sentences in this Guernsey County case could be imposed consecutively to the Union County sentences that she was serving at the time. We decline to embrace that argument.

{¶5} Before accepting a felony guilty or no-contest plea, a trial court must determine that the defendant understands the charges as well as the "maximum penalty involved." Crim.R. 11(C)(2)(a). This is a nonconstitutional requirement, demanding only substantial — rather than strict — compliance. *State v. Veney*, 2008-Ohio-5200, ¶ 14. A trial court satisfies this obligation by advising the defendant of the maximum sentence for each individual offense to which the plea is entered. *State v. Johnson*, 40 Ohio St.3d 130, 133 (1988).

{¶6} Except when the trial court must impose a consecutive sentence — as is true under R.C. 2921.331(D) for some failure-to-comply offenses and of course for R.C. Chapter 2941 firearm specifications — a trial judge at a plea-change hearing need not advise a defendant of the possibility that consecutive sentences may be imposed. *Id. See*

*also State v. Inkton*, 2026-Ohio-347, ¶ 15 (8th Dist.) ("Under Ohio law, there is no requirement for the trial court to advise of the possibility that each individual sentence may be imposed consecutively") (quotations omitted); *State v. Whitman*, 2021-Ohio-4510, ¶ 32 (6th Dist.) ("Because the trial court's decision to impose consecutive sentences was discretionary, the trial court was not required to inform appellant that it could order him to serve any sentences imposed consecutively rather than concurrently").

{¶7} Even so, Saunders points to a Supreme Court decision — *State v. Bishop*, 2018-Ohio-5132 — for the proposition that a trial judge is required to notify a defendant of any consecutive-sentencing possibility before accepting a guilty plea. We are not persuaded, though, by the connection that Saunders tries to draw between that case and this one.

{¶8} *Bishop* addressed a different question: Must a criminal defendant who is under post-release-control supervision for a prior felony conviction be advised, during a plea-change hearing in a new felony case, that the trial court could, under R.C. 2929.141, "terminate his existing postrelease control and . . . impose a consecutive prison sentence for the postrelease-control violation[?]" *Bishop* at ¶ 1 (describing the certified question in that case) (brackets omitted). Notably in that case, the Supreme Court was unable to craft a majority opinion and instead issued a three-justice plurality opinion, with Justice DeWine concurring in judgment only.

{¶9} According to the plurality opinion in *Bishop*, "a criminal defendant on postrelease control for a prior felony" should be told at a plea-change hearing that a consecutive prison sentence under R.C. 2929.141(A) is possible. *Id*. at ¶ 21. Yet whatever force that plurality opinion carries in similar circumstances, we readily conclude that it has no relevance to this case, given that Saunders was in prison rather than under

post-release-control supervision when she entered her guilty pleas. Our court and others have already held that the view embraced by the plurality in *Bishop* holds no sway in cases like this one where the defendant was not under post-release-control supervision. *See, e.g., State v. Ellis*, 2020-Ohio-1130, ¶ 10 (5th Dist.) ("where post-release control is not a consideration, the concerns expressed in *Bishop* do not apply, and *Johnson* does not require a defendant be advised of the possibility of consecutive sentences"); *State v. Novoa*, 2021-Ohio-3585, ¶ 25 (7th Dist.) ("because postrelease control was not a consideration in this matter, the plurality holding in *Bishop* is inapplicable here"); *State v. Roberts*, 2019-Ohio-4393, ¶ 7 (9th Dist.) ("because postrelease control was not a consideration, the concerns expressed in the plurality opinion in *Bishop* do not apply in this case").

{¶10} Saunders presses us to adopt the view that a trial judge — during a plea-change hearing in a felony case — must explain to an already-incarcerated defendant that any prison terms that must or might be imposed for the offense or offenses at issue in the plea change could be imposed consecutively to any prison sentences the defendant is already serving. That approach might very well be a sound one for the most thorough of trial judges to embrace, but nothing in Criminal Rule 11(C)(2)(a) requires us to undo a plea change where that approach was not followed. As the Supreme Court in *Johnson* observed, calculating potential sentences and explaining their interplay to the defendant is a job that falls to competent defense counsel rather than one that trial judges must undertake during plea-change hearings. *Johnson*, 40 Ohio St.3d at 134.

{¶11} Because the trial court complied with Criminal Rule 11(C)(2)(a), Saunders's sole assignment of error is overruled.

{¶12} For the reasons explained above, the judgment of the Court of Common Pleas of Guernsey County is affirmed.  Costs are to be paid by Appellant Michelle Saunders.

By: Gormley, J.;

Baldwin, P.J. and

Popham, J. concur.